UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                          Plaintiff,

    v.                                                   5:12-cv-1121

ROY HASKINS,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

The United States of America moves for a default judgment in connection with the defendant's failure to repay student loans or other promissory notes. The Complaint and documents attached thereto demonstrate that Defendant executed a promissory note to secure certain student loans. The loan was guaranteed by the Higher Education Assistance Foundation and then reinsured by the Department of Education loan guaranty program. When Defendant defaulted on his obligation on the student loan, the guarantor paid the lender $2,715.74. The guarantor was reimbursed by the Department of Education under the reinsurance program. The Department of Education was assigned the right to collect on the loan. To date, Defendant has failed to pay the debt. These allegations, which are deemed admitted by Defendant's failure to respond, see Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup., Inc., v. E.L.U.L. Realty Group Corp., 973 F.2d 155, 158 (2d Cir. 1992), are sufficient to establish Defendant's liability.

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l Group Merch. Servs. v. Ninna, Inc., 655 F. Supp.2d 177, 189 (E.D.N.Y. 2009); Greyhound Exhibitgroup, 973 F.2d at 158, 160. Here, the materials submitted with the Complaint together with the affidavit in support of the motion for default are sufficient to establish damages on the promissory notes because those amounts (principal owed on the notes and interest) are susceptible to mathematical computation.

For the foregoing reasons, the motion for default judgment is GRANTED and Plaintiff is entitled to judgment as follows: $2715.74, plus interest at the rate of 8% per annum through the date of judgment.[1]

IT IS SO ORDERED.

Dated: December 6, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] These figures are based on the calculations of principal and interest as set forth in the Certificates of Indebtedness attached to the Complaint.